Jason M. Ingber (SBN 318323)
**LEVI & KORSINSKY, LLP**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

Mark S. Reich*
Michael N. Pollack*
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: mpollack@zlk.com

**pro hac vice* forthcoming

*Counsel for Plaintiff Maria Rosado-Wright and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ANTHONY ALVAREZ and NICHOLAS ALVAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**APPLE INC.,**<br><br>Defendant. | Case No.: 5:26-cv-07274-NW<br><br>**CLASS ACTION**<br><br>Judge: Hon. Noël Wise<br><br>**PLAINTIFF MARIA ROSADO-WRIGHT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, SET A SCHEDULE FOR A CONSOLIDATED COMPLAINT, AND APPOINT LEVI & KORSINSKY, LLP AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 23(g)(3), 42(a)]**<br><br>Date: February 3, 2027<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Noël Wise |

| | |
|---|---|
| EDWARD RICKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**APPLE INC.,**<br>Defendant. | Case No.: 5:26-cv-08218-NW<br><br>**CLASS ACTION**<br><br>Judge: Hon. Noël Wise |
| KEVIN MELKOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**APPLE INC.,**<br><br>Defendant. | Case No.: 5:26-cv-08380-NW<br><br>**CLASS ACTION**<br><br>Judge: Hon. Noël Wise |
| MARIA ROSADO-WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>**APPLE INC.,**<br><br>Defendant. | Case No.: 5:26-cv-08458-PCP<br><br>**CLASS ACTION**<br><br>Judge: Hon. P. Casey Pitts |

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 3, 2027, at 9:00 a.m., or as soon after that as the matter may be heard, in Courtroom 3, 5th Floor, of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California 95113, before the Honorable Noël Wise, Plaintiff Maria Rosado-Wright will and does move for an order:

1. Consolidating *Alvarez v. Apple, Inc. No.* 5:26-cv-07274-NW*; Rickman v. Apple Inc.*, No. 5:26-cv-08218-NW; *Melkowski v. Apple Inc.*, No. 5:26-cv-08380-NW; and *Rosado-Wright v. Apple Inc.*, No. 5:26-cv-08458-PCP (the "Private Relay Actions") under Federal Rule of Civil Procedure 42(a), effective upon their relation under Civil Local Rule 3-12;

2. Appointing Levi & Korsinsky, LLP as interim class counsel under Federal Rule of Civil Procedure 23(g)(3), with Mark S. Reich serving as Interim Lead Class Counsel and Jason M. Ingber and Michael N. Pollack serving the interim class counsel efforts; or if the Court deems a broader litigation effort appropriate then appointing Levi & Korsinsky, LLP working within that structure;

3. Directing interim class counsel to file a consolidated complaint within 45 days of the order.

Plaintiff bases this motion on this notice, the memorandum below, the Declaration of Jason M. Ingber and its exhibit, the pleadings and records in the Private Relay Actions, and any argument the Court permits.

**STATEMENT OF ISSUES TO BE DECIDED**

**(Civ. L.R. 7-4(a)(3))**

1. Whether the Court should consolidate the Private Relay Actions under Rule 42(a) once they are related.

2. Whether the Court should appoint Levi & Korsinsky, LLP as interim class counsel under Rule 23(g)(3).

3. Whether the Court should direct interim class counsel to file a consolidated complaint within 45 days of the order.

Dated: October 7, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Jason M. Ingber*
Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

Mark S. Reich*
Michael N. Pollack*
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Email: mreich@zlk.com
Email: mpollack@zlk.com

**pro hac vice* forthcoming

*Counsel for Plaintiff Maria Rosado-Wright and the Proposed Class*

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. Apple Sells Private Relay as a Paid Privacy Feature. .......... 2

B. Three Subscribers Filed Overlapping Actions Within Eight Days. .......... 3

C. Procedural History. .......... 3

III. ARGUMENT .......... 4

A. The Court Should Consolidate the Private Relay Actions Once They Are Related. .......... 4

B. The Court Should Direct Interim Class Counsel to File a Consolidated Complaint Within 45 Days. .......... 5

C. The Court Should Appoint LK as Interim Class Counsel. .......... 5

1. The Court should appoint interim counsel now. .......... 5

2. This case does not need a group of firms. .......... 6

3. The Rule 23(g) factors favor LK. .......... 7

3. Other factors support LK's appointment. .......... 13

4. If the Court Prefers a Multi-Firm Structure, It Should Include LK. .......... 13

IV. CONCLUSION .......... 14

## TABLE OF AUTHORITIES

Cases

*Alvarez v. Apple Inc.*, No. 5:26-cv-07274-NW (N.D. Cal.) .......... 3, 4

*Burns et al. v. Fragile Inc., et al.*, No. 4:25-cv-06604-JST (N.D. Cal.) .......... 11

*Carbone v. Limited Run Games Inc.,* No. 2:24-cv-088610 (E.D.N.Y.) .......... 10, 11

*Cholewa v. CVS Health Corporation et al.*, 2:20-cv-05483 (E.D.N.Y) .......... 10

*Henderson v. Cabot Medical Care*, 43CV-25-523 (Cir. Ct. Lonoke Cnty., AR) .......... 10

*Honigman v. Kimberly-Clark Corp.,* No. 15-CV-2910 (E.D.N.Y.) .......... 10

*In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2020 WL 5796763 (S.D.N.Y. Sept. 29, 2020) .......... 7

*In re Apple Processor Litig.*, No. 5:18-cv-00147-EJD (N.D. Cal. Apr. 27, 2018), Dkt. No. 40 .......... 6

*In re Google Buzz Privacy Litig.*, No. C 10-00672 JW (N.D. Cal. June 30, 2010), Dkt. No. 30 .......... 4

*In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 U.S. Dist. LEXIS 236487 (N.D. Cal. July 14, 2020) .......... 13

*In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989 (N.D. Cal. June 21, 2016) .......... 7

*In re Stubhub Refund Litig.,* No. 20-MD-02951-HSG, 2020 WL 8669823 (N.D. Cal. Nov. 18, 2020 .......... 8

*In re Tesla, Inc. Securities Litigation*, No. 3:18-cv-04865-EMC (N.D. Cal.) .......... 12

*In Re Wagner Spray Tech Corporation Products Liability Litigation*, No. 0:26-cv-02073-LMP-DLM (D. Minn.) .......... 11

*In re Wells Fargo Sec. Litig.*,
157 F.R.D. 467 (N.D. Cal. 1994) .......... 7

*Investors Rsch. Co. v. U.S. Dist. Ct.*,
877 F.2d 777 (9th Cir. 1989) .......... 4

*Kail et al. v. Wolf Appliance, Inc.*,
2:15-cv-03513 (E.D.N.Y.) .......... 10

*Kurtz v. Costco et al.*,
1:14-cv-01142 (E.D.N.Y.) .......... 10

*Lucchese-Soto, et al. v. The Criterion Collection, LLC*,
Case No. 1:24-CV-07345-VEC (S.D.N.Y) .......... 10, 11

*Mazza v. Am. Honda Motor Co.*,
666 F.3d 581 (9th Cir. 2012) .......... 9

*Melkowski v. Apple Inc.*,
No. 5:26-cv-08380-NW (N.D. Cal.) .......... 3, 8

*Nelson et al., v. Arkansas Heart Hospital,* LLC,
60CV-25-3821 (Cir. Ct. Pulaski Cnty, AR) .......... 9

*Rickman v. Apple Inc.*,
No. 5:26-cv-08218-NW (N.D. Cal.) .......... 3, 4

*Rosado-Wright v. Apple Inc.*,
No. 5:26-cv-08458-PCP, ECF No. 1 .......... 2, 3

*Schechner v. Whirlpool Corp.*,
No. 2:16-cv-12409-SJM-RSW (E.D. Mich.) .......... 10

*Thomas J. Butler, et al. v. Apple Inc. et al.*,
2014-1-CV262989 (Cal. Super., Santa Clara) .......... 10

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 9

*Valcarcel v. Beyond Illusion, LLC d/b/a Museum of Illusions N.Y.*,
Index No. 655436/2024 (N.Y. Sup. Ct. N.Y. Cnty. Nov. 17, 2025) .......... 10

*Zhu v. UCBH Holdings, Inc.*,
682 F. Supp. 2d 1049 (N.D. Cal. 2010) .......... 4

**Statutes**

Cal. Civ. Code § 1782(d) .... 5
Fla. Stat. § 501.2105 .... 9
Fla. Stat. § 501.211(2) .... 9

**Other Authorities**

Civil Standing Order of Judge Noël Wise (June 9, 2026) .... 13
Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment .... 6
MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004) .... 6

**Rules**

Fed. R. Civ. P. 23(g)(1)(A) .... 8
Fed. R. Civ. P. 23(g)(1)(B) .... 8
Fed. R. Civ. P. 23(g)(2) .... 1
Fed. R. Civ. P. 23(g)(3) .... 5
Fed. R. Civ. P. 42(a)(2) .... 4
Fed. R. Civ. P. 42(a)(3) .... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Three putative class actions in this District challenge one Apple promise. Apple sells iCloud Private Relay only to paying iCloud+ subscribers and tells them that Private Relay ensures that no party, not even Apple, can see both who you are and what sites you're visiting. Each action relies on the same August 4, 2026 research showing that three features of WebKit, Apple's browser engine, send a subscriber's real IP address or DNS queries outside Private Relay. Each names Apple as the only defendant and asserts overlapping California claims for overlapping nationwide classes. Apple has agreed that the three actions are related. Once the Court relates them, it should consolidate them and set a schedule for one consolidated complaint.

The harder questions are how many firms should lead this case and which. One firm is enough, and Levi & Korsinsky, LLP ("LK") is the right one. This case involves one defendant, one paid feature, one set of representations, and three complaints asserting nearly identical claims. A single firm can prosecute it without the cost and coordination burden of a multi-firm structure. And when more than one adequate applicant seeks appointment, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). LK is that applicant, for four reasons. First, LK's complaint defines the class around the subscribers Apple's conduct harmed: those who paid for iCloud+ and turned Private Relay on. Second, it is the only complaint that pleads a claim under a state law other than California's, preserving a Florida subclass and a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") if Apple contests the reach of California law. Third, LK investigated before filing, served Apple with notice under the Consumers Legal Remedies Act ("CLRA") the day it filed, and has screened other subscribers who have contacted the firm. Fourth, LK offers a lead partner who has held leadership roles in consumer class actions, including one against Apple, supported by California counsel admitted in this District and a

newer lawyer who will have a substantive role, in keeping with this Court's encouragement of less-experienced attorneys.

If the Court concludes that a group of firms would better serve the class, LK asks to be part of it, either as interim co-lead class counsel, with Mr. Reich or Mr. Ingber as LK's designee, or as a member of an executive committee.

## II. BACKGROUND

### A. Apple Sells Private Relay as a Paid Privacy Feature.

Apple does not offer Private Relay with a free iCloud account. It offers the feature only with iCloud+, a paid subscription priced from $0.99 to $59.99 per month. Compl. ¶ 2.[1] Apple's support page describes the problem Private Relay solves: in ordinary browsing, a user's "DNS records and IP address" can be seen by network providers and websites and "could be used to determine your identity and build a profile of your location and browsing history over time." *Id.* ¶ 34. It then promises the solution: Private Relay "is designed to protect your privacy by ensuring that when you browse the web in Safari, no single party" can "see both who you are and what sites you're visiting," "not even Apple." *Id.* ¶ 35. Apple explains that a subscriber's requests pass through two relays, the second of which assigns a temporary IP address before connecting the subscriber to the site. *Id.* ¶ 36.

On August 4, 2026, security researchers Talal Haj Bakry and Tommy Mysk reported that three WebKit features (DNS prefetching, WebAuthn Related Origin Requests, and WebTransport) "bypass the configured proxy and send traffic directly from the device," and that "[t]he same leaks also affect Apple's iCloud Private Relay." *Id.* ¶¶ 6–7, 40. Apple requires every browser on iOS to use WebKit, so a subscriber cannot avoid the leaks by switching browsers. *Id.* ¶ 39. The WebAuthn path requires nothing of the subscriber; a website can trigger it with no prompt and no saved passkey.

[1] "Compl." refers to the complaint in *Rosado-Wright v. Apple Inc.*, No. 5:26-cv-08458-PCP, ECF No. 1. "Rickman Compl." and "Melkowski Compl." refer to the complaints in those actions. Unless otherwise noted, internal citations and quotation marks are omitted.

*Id.* ¶ 46. 404 Media and TechCrunch confirmed that a test site could read a protected user's real IP address. *Id.* ¶¶ 53–54. Within a day of the publication, Apple's security program reported that Apple was "planning to address the issue you reported." *Id.* ¶ 56.

**B. Three Subscribers Filed Overlapping Actions Within Eight Days.**

Three iCloud+ subscribers sued Apple in this District between August 6 and August 14, 2026:

| Action and Counsel | Filed | Proposed Class | Claims |
| --- | --- | --- | --- |
| *Rickman v. Apple Inc.*, No. 5:26-cv-08218-NW (N.D. Cal.)<br>Clarkson Law Firm, P.C. | Aug. 6, 2026 | "All residents of the United States who, within the applicable statute of limitations periods, paid for iCloud+, enabled or used iCloud+ Private Relay, and did so for purposes other than resale," plus a California subclass.<br>Rickman Compl. ¶ 82. | UCL; FAL; CLRA; fraud; negligent misrepresentation; breach of contract; quasi-contract/unjust enrichment |
| *Melkowski v. Apple Inc.*, No. 5:26-cv-08380-NW (N.D. Cal.)<br>Chimicles Schwartz Kriner & Donaldson-Smith LLP | Aug. 12, 2026 | "All persons within the United States who during the Class Period purchased an iCloud+ subscription."<br>Melkowski Compl. ¶ 46. | UCL; FAL; CLRA; fraud; negligent misrepresentation; breach of contract; quasi-contract/unjust enrichment |
| *Rosado-Wright v. Apple Inc.*, No. 5:26-cv-08458-PCP (N.D. Cal.)<br>Levi & Korsinsky, LLP | Aug. 14, 2026 | "All persons in the United States who, during the Class Period, paid for an iCloud+ subscription and enabled iCloud Private Relay," plus a Florida subclass.<br>Compl. ¶ 69. | UCL; FAL; CLRA; fraud; negligent misrepresentation; breach of contract and implied covenant; unjust enrichment; FDUTPA |

Each complaint challenges the same representations, relies on the same research, and seeks recovery for the same injury: the subscription price subscribers paid for a protection they did not receive. *Compare* Rickman Compl. ¶¶ 40–65, *with* Melkowski Compl. ¶¶ 17–45, *and* Compl. ¶¶ 24–65.

**C. Procedural History.**

On August 25, 2026, Rickman moved to relate *Melkowski* and *Rosado-Wright* to *Rickman*. *Rickman*, ECF No. 15. Apple responded that it agrees the actions are related. *Rickman*, ECF No. 25. After the plaintiffs in *Alvarez v. Apple Inc.*, No. 5:26-cv-07274-NW (N.D. Cal.), amended their complaint to add Private Relay allegations, Rickman filed a second motion to relate in that action.

*Alvarez*, ECF Nos. 21, 22. Both motions to relate remain pending. The parties reserved February 3, 2027 before this Court for the hearing on this motion. Apple has not responded to any complaint, no discovery has occurred, and no court has issued a substantive ruling.

## III. ARGUMENT

### A. The Court Should Consolidate the Private Relay Actions Once They Are Related.

Rule 42(a) allows a court to consolidate actions before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The Court has broad discretion to do so. *Investors Rsch. Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989); Order Granting Motion to Consolidate Cases; Appointing Interim Lead Class Counsel and Liaison Counsel, *In re Google Buzz Privacy Litig.*, No. C 10-00672 JW, (N.D. Cal. June 30, 2010), Dkt. No. 30. In exercising that discretion, the Court weighs "the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

The Private Relay Actions share every question that matters. They name the same defendant. They challenge the same statements on the same Apple web pages. They rest on the same research about the same three WebKit features. They assert the same core claims under the UCL, FAL, and CLRA and for fraud, negligent misrepresentation, breach of contract, and unjust enrichment. And they seek the same overpayment remedy for overlapping nationwide classes. Litigated separately, they would produce three motions to dismiss on identical issues, three sets of discovery into the same Apple engineering and marketing decisions, and the risk of inconsistent rulings on whether the same words misled the same consumers.

Nothing weighs against consolidation. All three actions are at the pleading stage, and Apple has not responded to any complaint. Apple agrees that the actions are related, *Rickman*, ECF No. 25, and has tied its own response deadline to the filing of a consolidated complaint. Consolidation will move the case forward by giving Apple one pleading to answer.

Because *Rosado-Wright* is assigned to Judge Pitts, it will come before this Court upon relation under Civil Local Rule 3-12. Plaintiff therefore asks the Court to order consolidation effective upon relation, under the caption *In re Apple iCloud Private Relay Litigation*, with *Rickman*, the lowest-numbered Private Relay Action, as the lead case. The proposed order also provides that any later-filed, removed, or transferred action arising from the same facts will be consolidated on the same terms, so that new filings do not restart the process.

### B. The Court Should Direct Interim Class Counsel to File a Consolidated Complaint Within 45 Days.

Rule 42(a) also allows the Court to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). A single consolidated complaint will give Apple one pleading to answer and the Court one motion to decide. Plaintiff proposes that interim class counsel file the consolidated complaint within 45 days of its appointment and that Apple respond within 30 days after that, consistent with the parties' stipulation. If Apple moves to dismiss, the parties will meet and confer on a briefing schedule and reserve a hearing date under the Court's Civil Standing Order.

The 45-day period will also allow the consolidated complaint to seek damages under the CLRA. Plaintiff served Apple with notice under California Civil Code section 1782(a) by certified mail on August 14, 2026, and Apple did not correct the conduct within 30 days. Compl. ¶¶ 102–03; Ingber Decl. ¶ 4. A plaintiff who has given that notice may amend to seek damages. Cal. Civ. Code § 1782(d).

### C. The Court Should Appoint LK as Interim Class Counsel.

#### 1. The Court should appoint interim counsel now.

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts in this District appoint interim counsel when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class

members." Order Granting Motion to Consolidate Actions and For Appointment of Interim Class Counsel, *In re Apple Processor Litig.*, No. 5:18-cv-00147-EJD (N.D. Cal. Apr. 27, 2018), Dkt. No. 40. An interim appointment "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).

That need is present here. Four firms represent plaintiffs in four overlapping actions, and plaintiffs in at least three cases have told Apple that they intend to move for appointment of interim class counsel. The litigation now requires coordinated leadership to prepare the consolidated complaint, respond to Apple's anticipated motion to dismiss, and represent the putative class in any discussions with Apple. Appointment at this stage will establish who is responsible for those tasks and for protecting the interests of the putative class as the litigation proceeds. The Court should decide now who that will be.

**2. This case does not need a group of firms.**

Rule 23(g) permits the Court to appoint a single firm, and nothing about this case calls for more. The Private Relay Actions involve one defendant, one paid feature, one set of representations, and one theory of injury. Three firms filed three complaints asserting nearly the same claims within eight days. No action presents a distinct defendant, a distinct product, or a distinct track of discovery that would justify dividing the work among firms. This is not a sprawling litigation with dozens of actions, competing theories, or multiple defendants, where committees can serve a purpose.

A multi-firm structure would add cost without adding capacity. Each additional firm brings its own partners, associates, and review time, and coordination among firms consumes hours that a single firm would spend on the case itself. The advisory committee directed courts to weigh adequate staffing against "the risk of overstaffing or an ungainly counsel structure." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. Courts have declined to appoint multiple firms for

that reason. *In re Wells Fargo Sec. Litig.*, 157 F.R.D. 467, 468 (N.D. Cal. 1994) ("Because a well-advised class in this case would seek to avoid unnecessary duplication of effort, the court earlier decided that only one firm should be selected to represent the class."); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG), 2020 WL 5796763, at *4 (S.D.N.Y. Sept. 29, 2020) ("Unless there is some special reason why the services of two firms are needed, the appointment of co-lead counsel tends to inflate legal fees – a result this court is particularly anxious to avoid." (quoting the court's March 21, 2019 order)). Those fees come out of the class's recovery.

Single-firm leadership also gives the Court and Apple one point of contact and one set of decision-makers. LK would oversee the consolidated complaint, coordinate discovery and expert work, prepare the briefing, and communicate with Apple on behalf of the putative class. That structure avoids duplicative assignments, inconsistent positions, and uncertainty over who has authority to make litigation decisions. LK can do that work within one firm: Mr. Reich would supervise the litigation, with Mr. Ingber and Mr. Pollack carrying out defined responsibilities and LK's staff in both offices supporting them. Ingber Decl. ¶¶ 6–7. That arrangement provides partner oversight and adequate staffing without the need for coordination among firms.

Sole leadership would remain compatible with cooperation among plaintiffs' counsel. LK would consult with counsel in the other Private Relay Actions, evaluate their investigative work and proposed claims, and assign discrete tasks where their participation would benefit the class. LK would retain responsibility for coordinating those contributions, reviewing work product, and preventing duplication. It would keep contemporaneous time records by task and report time and expenses to the Court on request. Ingber Decl. ¶ 8.

**3. The Rule 23(g) factors favor LK.**

In appointing interim counsel, courts apply the factors that govern the appointment of class counsel. *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989 slip op. at 3 (N.D. Cal. June 21, 2016). The Court must consider "(i) the work counsel has done in identifying or

investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). It may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "No single factor should necessarily be determinative in a given case." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. When more than one adequate applicant seeks appointment, the Court "must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(*In re Stubhub Refund Litig.,* No. 20-MD-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (appointing counsel who had "proposed a cogent legal strategy").

***a. LK's investigation and pleading choices serve the class.***

LK investigated before it filed. It reviewed Apple's privacy marketing, the iCloud+ plan and pricing pages, the Private Relay support page and its publication history, and the iCloud Terms and Conditions, including their California choice-of-law clause and their consent to jurisdiction in Santa Clara County. Compl. ¶¶ 19, 21–38; Ingber Decl. ¶ 3. It studied the researchers' findings, the independent confirmations by 404 Media and TechCrunch, and Apple's response through its security program. Compl. ¶¶ 40–57. It served Apple with a CLRA notice the day it filed. *Id.* ¶ 103. Since filing, LK has heard from and screened other iCloud+ subscribers who used Private Relay. Ingber Decl. ¶ 5. That work produced a complaint built for the class Apple harmed, in two respects.

*The class definition tracks the injury.* LK's complaint proposes a class of persons who "paid for an iCloud+ subscription and enabled iCloud Private Relay." Compl. ¶ 69. The *Melkowski* complaint proposes a class of "[a]ll persons within the United States who during the Class Period purchased an iCloud+ subscription." Melkowski Compl. ¶ 46. That class reaches subscribers who bought iCloud+ for storage and never turned on the feature at issue. A class "must be defined in such a way as to include only members who were exposed to advertising that is alleged to be materially

misleading," *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), and "[e]very class member must have Article III standing in order to recover individual damages," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). A class that sweeps in subscribers who never used Private Relay invites a standing and predominance fight the class does not need. LK's definition avoids it.

*The Florida Subclass protects out-of-state class members.* Apple's iCloud Terms select California law, and LK's complaint relies on that clause. Compl. ¶¶ 21–22. Apple may still argue that California law cannot govern the claims of subscribers outside California, as the defendant successfully argued in *Mazza*. 666 F.3d at 589–94. If Apple makes that argument, only LK's complaint preserves a claim under another state's law. It pleads a Florida Subclass and a FDUTPA claim on behalf of Ms. Rosado-Wright, a Florida citizen, and Florida subscribers like her. Compl. ¶¶ 14, 69, 133–43. FDUTPA allows those subscribers to recover actual damages and attorney's fees. Fla. Stat. §§ 501.211(2), 501.2105. The consolidated complaint will add subclasses under other states' laws where the facts and available class representatives support them.

***b. LK has the experience to lead this case.***

LK is a national plaintiffs' firm with offices in New York and Los Angeles. Its firm resume describes its class action practice, including its consumer protection and privacy work. Ingber Decl. ¶ 2 & Ex. A.

*Mark S. Reich.* Mr. Reich is a partner in L&K's New York office and a member of the firm's Consumer Protection practice group. Mr. Reich joined L&K after more than 15 years in practice, including 8 years as a partner at the largest class action firm in the country. Mr. Reich's practice focuses on consumer class actions, including cases involving privacy and data breach issues, deceptive and unfair trade practices, advertising injury, product defect, and antitrust violations. Mr. Reich has previously been appointed to leadership against corporate defendants, including Arkansas Heart Hospital *(Nelson et al., v. Arkansas Heart Hospital,* LLC, 60CV-25-3821 (Cir. Ct. Pulaski Cnty, AR)); Cabot Medical Care *(Henderson v. Cabot Medical Care*, 43CV-25-523 (Cir. Ct. Lonoke

Cnty., AR)); Costco Wholesale Corporation *(Kurtz v. Costco et al*., 1:14-cv-01142 (E.D.N.Y.)), Wolf Appliances (*Kail et al. v. Wolf Appliance, Inc*., 2:15-cv-03513 (E.D.N.Y.)); Whirlpool Corporation *(Schechner v. Whirlpool Corp*., No. 2:16-cv-12409-SJM-RSW (E.D. Mich.)); CVS *(Cholewa v. CVS Health Corporation et al*., 2:20-cv-05483 (E.D.N.Y)); Apple Inc. *(Thomas J. Butler, et al. v. Apple Inc. et al.,* 2014-1-CV262989 (Cal. Super., Santa Clara)); and Kimberly-Clark (*Honigman v. Kimberly-Clark Corp.,* No. 15-CV-2910 (E.D.N.Y.)).

Mr. Reich also has extensive experience working within a team: *e.g., In re Apple Inc. Device Performance Litig., ($310 million settlement); In re Sony Gaming Networks & Customer Data Security Breach Litigation,* No. 3:11-md-02258-AJB-MDD (S.D. Cal.) (settlement valued at $15 million stemming from the data breach of Sony's PlayStation Network).

Mr. Reich also has extensive experience working on privacy violations. *Lucchese-Soto, et al. v. The Criterion Collection,* LLC, Case No. 1:24-CV-07345-VEC (S.D.N.Y) (class settlement establishing a $4.5 million fund to resolve claims that subscriber viewing data was improperly shared with third parties); *Carbone v. Limited Run Games Inc.* No. 2:24-cv-088610 (E.D.N.Y.) (Video Privacy Protection Act settlement providing $2.72 million in relief for alleged unauthorized sharing of consumers' video-viewing information); *Valcarcel v. Beyond Illusion, LLC d/b/a Museum of Illusions N.Y.,* Index No. 655436/2024 (N.Y. Sup. Ct. N.Y. Cnty. Nov. 17, 2025)

*Jason M Ingber.* Mr. Ingber is a member of the State Bar of California, is admitted to practice in this District, and practices in LK's Los Angeles office. He is counsel of record for Plaintiff in *Rosado-Wright w*ith substantial experience in multi-claimant matters including mass arbitrations, and class actions. His class action experience includes successfully defending TCPA class actions and assisting in the administration of class action settlements. Ingber Decl. ¶ 1.

*Michael N. Pollack.* Michael Pollack is an attorney in Levi and Korsinsky LLP's ("L&K") New York office and a member of the firm's Consumer Protection practice group. Mr. Pollack's practice focuses on consumer class actions and mass arbitrations, including cases involving product

recalls, privacy and data breach issues, deceptive and unfair trade practices, advertising injury, and, product defect,. Mr. Pollack has extensive experience working on cutting edge class cases. *Lucchese-Soto, et al. v. The Criterion Collection, LLC*, Case No. 1:24-CV-07345-VEC (S.D.N.Y) (class settlement establishing a $4.5 million fund); *Carbone v. Limited Run Games Inc.* No. 2:24-cv-088610 (E.D.N.Y.) (Video Privacy Protection Act settlement providing $2.72 million in relief for alleged unauthorized sharing of consumers' video viewing information); *Burns et al. v. Fragile Inc., et al.*, No. 4:25-cv-06604-JST (N.D. Cal.) (Consumer fraud settlement pending preliminary approval providing total consideration for the class valued at approximately $3,450,000.00); *In Re Wagner Spray Tech Corporation Products Liability Litigation*, No. 0:26-cv-02073-LMP-DLM (D. Minn.). Mr. Pollack also brings the extensive experience of his firm, L&K. L&K is a nationally recognized firm with decades of combined experience litigating complex securities class, and consumer actions in state and federal courts throughout the country. L&K is able to allocate substantial resources to each of its case, reviewing public documents, interviewing witnesses, and consulting with experts concerning issues particular to each case. Moreover, their attorneys are supported by exceptionally qualified professionals including financial experts, investigators, and administrative staff, as well as cutting-edge technology and e-discovery systems.

***c. LK knows the applicable law.***

This case turns on California's consumer protection statutes, common-law fraud and contract principles, FDUTPA, and the technical question of how Private Relay and WebKit route a subscriber's traffic. LK's complaint reflects command of each. It pleads fraud with the particularity Rule 9(b) requires, identifying who made each representation, what it said, where and when Apple published it, and how it was false. Compl. ¶¶ 105–11. It satisfies the CLRA's notice requirement and preserves the statute's path to damages. *Id.* ¶¶ 102–03. It ties venue and choice of law to Apple's own terms. *Id.* ¶¶ 19, 21–22. And it explains in plain terms how each WebKit feature sends traffic outside Private Relay. *Id.* ¶¶ 41–51.

***d. LK will commit the resources the case requires.***

LK will commit the financial resources, attorney time, and technical support necessary to prosecute this litigation through trial and any appeal. The firm will retain experts in network engineering and damages and staff the case from its Los Angeles and New York offices. Ingber Decl. ¶ 7. Those commitments address the demands of this case, including discovery into Private Relay's operation, analysis of Apple's representations to subscribers, and expert testimony concerning the alleged technical limitations and resulting damages. LK is prepared to sustain that work throughout the litigation.

LK's willingness to take a case against a major corporation to trial is demonstrated by its record in this court. In *In re Tesla, Inc. Securities Litigation*, No. 3:18-cv-04865-EMC (N.D. Cal.), LK served as lead counsel for investors challenging Elon Musk's August 2018 statements that he had funding secured to take Tesla private at $420 per share. The firm prosecuted the action against Tesla, Musk, and other defendants through a three-week jury trial in this District in January and February 2023. That representation required the firm to commit the resources necessary to present a complex securities case to a jury against a major public company and its senior leadership.

The Tesla litigation provides concrete evidence that LK will carry a contested class action through trial when necessary. The firm understands the financial commitment and sustained preparation that such litigation requires and has made that commitment in practice. Apple's size, resources, and ability to mount a substantial defense will not deter LK from pursuing the class's claims through verdict or seeking appellate review when warranted.

That experience bears directly on LK's ability to represent the proposed class here. Counsel must be able to investigate the alleged misconduct, develop the technical record, litigate contested motions, and prepare a case that can be presented at trial. LK has committed to providing those resources in this action, and its trial experience supports its ability to fulfill that commitment.

**3. Other factors support LK's appointment.**

*California and New York counsel.* LK proposes Mr. Reich as lead counsel, supported by Mr. Ingber, a California lawyer admitted in this District, and Mr. Pollack of LK's New York office. Ingber Decl. ¶¶ 1, 6. Apple is headquartered in this District, and the proposed class spans the country. Leadership on both coasts will let LK appear before this Court and meet class members, witnesses, and experts where they are, without adding firms or cost.

*A leadership role for a newer lawyer.* This Court "welcomes and encourages oral argument by less-experienced attorneys on any matters argued before the Court." Civil Standing Order (June 9, 2026). Courts in this District have also expressed concern about leadership slates drawn only from repeat players. *See In re Robinhood Outage Litig.*, No. 20-cv-01626-JD, 2020 U.S. Dist. LEXIS 236487, at *6–7 (N.D. Cal. July 14, 2020). LK proposes Mr. Pollack, an associate since January 2025, for a substantive role with real responsibility, to help run the litigation under Mr. Reich's leadership. Ingber Decl. ¶ 6.

*Efficient and cooperative prosecution*. Appointing LK as sole interim class counsel would establish clear responsibility for prosecuting the consolidated action. One firm would oversee the consolidated complaint, coordinate discovery and expert work, prepare briefing, and communicate with Apple on behalf of the proposed class. That structure would reduce the risk of duplicative assignments, inconsistent positions, and uncertainty over who has authority to make litigation decisions. It would also give the Court and Apple a single point of contact and allow the class's claims to proceed under a coordinated strategy.

**4. If the Court Prefers a Multi-Firm Structure, It Should Include LK.**

If the Court concludes that the class would benefit from more than one firm, LK asks to be part of the structure the Court adopts. LK is prepared to serve as interim co-lead class counsel, with Mr. Reich or Mr. Ingber as LK's designee, or as a member of an executive committee, as the Court sees fit.

The reasons that support LK's sole appointment support its inclusion in any group. LK filed the only complaint that preserves a claim under another state's law, and its Florida Subclass gives any leadership team a fallback if Apple contests the reach of California law. Its class definition tracks the injury and avoids the standing and predominance problems of a class of all iCloud+ purchasers. Its proposed lead partner has held leadership roles in consumer class actions, including one against Apple, and the firm has tried a class action to a jury in this District. Including LK would ensure that the consolidated complaint carries those claims and that experience forward.

LK would work cooperatively within any structure. It would accept the assignments that lead counsel or the Court directs, keep contemporaneous time records by task, follow any time-and-expense protocol the Court adopts, and avoid duplicating the work of other firms. Ingber Decl. ¶ 8. If the Court appoints a group, LK asks that the order define each firm's responsibilities, so that a multi-firm structure keeps the clear accountability that single-firm leadership would provide.

## IV. CONCLUSION

The Court should consolidate the Private Relay Actions upon relation, appoint Levi & Korsinsky, LLP as interim class counsel with Mark S. Reich as lead counsel and Jason M. Ingber and Michael N. Pollack supporting the litigation, and direct interim class counsel to file a consolidated complaint within 45 days of the order.

Dated: October 7, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Jason M. Ingber*

Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

Mark S. Reich*
Michael N. Pollack*
33 Whitehall Street, 27th Floor
New York, New York 10004
Telephone: (212) 363-7500
Email: mreich@zlk.com
Email: mpollack@zlk.com

**pro hac vice* forthcoming

*Counsel for Plaintiff Maria Rosado-Wright and the Proposed Class*